UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

JIMMY PAUL PROVENCIO          )
                              )
        *Plaintiff,*          )
                              )          No. 1:05-cv-121
v.                            )          *Collier*
                              )
HAMILTON COUNTY CRIMINAL      )
COURT JUDGE JON K. BLACKWOOD[1] )
                              )
        *Defendants.*         )

# M E M O R A N D U M

Before the Court is a complaint filed by Jimmy Paul Provencio ("Provencio" or "Plaintiff")

seeking judicial relief against Tennessee Criminal Court Judge Jon K. Blackwood for allegedly

denying Provencio his constitutional right to a speedy trial in Hamilton County criminal court.

Provencio brings this lawsuit on his own behalf under 42 U.S.C. § 1983.

The Court construes the complaint in a manner most favorable to Plaintiff. Considering the

facts alleged in the complaint, the principle of federalism that prohibits this court from dictating to

state court judges, and the applicable law, the complaint will be **DISMISS**.

Provencio's motion to amend is presently pending before the Court (Court File No. 2).

Provencio claims that his attorneys would not provide him with the name of the judge who denied

his right to speedy trial. According to Provencio, this resulted in him incorrectly naming Judge

Steve Bevil as the defendant. However, Provencio contends that, while watching television, he

learned the correct identity of the judge he claims denied him of his right to a speedy trial, *i.e.*, Judge

---

[1]     The Court is granting Plaintiff's motion to amend the complaint to identify the correct
defendant. Therefore, the Court has substituted the name of Judge Jon K. Blackwood as the
defendant for the previously incorrectly identified defendant Judge Steve Bevil.

Jon K. Blackwood. Therefore, Provencio asserts he mistakenly identified Judge Steve Bevil as a defendant instead of the proper party, Judge Jon K. Blackwood. Provencio requests that the name of Judge Jon K. Blackwood be substituted for Judge Steve Bevil. The alleged violation of Provencio's constitutional rights took place beginning on or about February 2, 2005. The amendment is well within the statute of limitations and prior to official service of the complaint, therefore, the motion to amend will be **GRANTED** (Court File No. 2)**.** Accordingly, Judge Steve Bevil is hereby **DISMISSED** as a defendant, and Judge Jon K. Blackwood is **ADDED** as a party defendant. The Clerk of Court is **DIRECTED** to substitute the name of Judge Jon K. Blackwood for Judge Steve Bevil.

## I.     APPLICATION TO PROCEED IN FORMA PAUPERIS

It appears from the application to proceed *in forma pauperis* submitted by Provencio that he lacks sufficient financial resources at the present time to pay the required filing fee of $250.00. Provencio is not relieved of the ultimate responsibility of paying the $250.00 filing fee. Since Provencio is an inmate in custody at the Silverdale Detention Facility ("CCA-Silverdale") he will be **ASSESSED** the civil filing fee of $250.00 under the Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915. Provencio shall pay the full filing fee of two-hundred and fifty dollars ($250.00) pursuant to Prisoner Litigation Reform Act, Pub. L. 104-134, 110 Stat. 1321, codified in 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 1915(b)(1)(A) and (B), the custodian of Provencio's inmate trust account at the institution where he now resides shall submit to the Clerk, United States District Court, Post Office Box 591, Chattanooga, Tennessee 37401-0591, as an initial partial payment, whichever is the greater of

<div style="margin-left: 2em;">

(a)     twenty percent (20%) of the average monthly deposits to Provencio's inmate trust account; <u>or</u>

(b)     twenty percent (20%) of the average monthly balance in Provencio's inmate trust account for the six-month period preceding the filing of the complaint.

</div>

Thereafter, the custodian shall submit twenty percent (20%) of Provencio's preceding monthly income (or income credited to his trust account for the preceding month), but only when such monthly income exceeds $10.00, until the full filing fee of $250.00 as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk of Court is **DIRECTED** to send a copy of this memorandum and order to the Warden of CCA-Silverdale, the Custodian of Inmate Trust Fund Accounts at CCA-Silverdale, the Commissioner of the Tennessee Department of Correction, and the Attorney General for the State of Tennessee to ensure the custodian of Provencio's inmate trust account complies with the portion of the Prison Litigation Reform Act relating to payment of the filing fee.

The agency having custody of the plaintiff shall collect the filing fee as funds become available. This order shall become a part of inmate Provencio's file and follow the inmate if he is transferred to another institution. The agency having custody of the plaintiff shall continue to collect monthly payments from plaintiff's prisoner account until the entire filing fee of $250.00 is paid.[2]

---

[2] **<u>Send remittances to the following address:</u>**

Clerk, U.S. District Court
P.O. Box 591
Chattanooga, TN  37401-0591

**All checks or other forms of payment shall be payable to "Clerk, U.S. District Court."**

## II.    STANDARD OF REVIEW

*Pro se* pleadings filed in civil rights cases are liberally construed and held to a less stringent standard than formal pleadings drafted by lawyers. *McNeil v. United States,* 508 U.S. 106, 113 (1993); *Boag v. MacDougall,* 454 U.S. 364, 365 (1982); *Pilgrim v. Littlefield,* 92 F.3d 413, 416 (6th Cir. 1996); *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir. 1991). However, *pro se* status does not exempt plaintiffs from the requirement to comply with relevant rules of procedure and meet the requirements of substantive law. *Hulsey v. State of Texas,* 929 F.2d 168, 171 (5th Cir. 1991); *Birl v. Estelle,* 660 F.2d 592, 593 (5th Cir. 1981). *Pro se* plaintiffs must comply with Rule 8 of the FEDERAL RULES OF CIVIL PROCEDURE which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." *LRL Properties v. Portage Metro Housing Authority,* 55 F.3d 1097, 1104 (6th Cir. 1995). Although the standard of review is liberal, it does require more than the bare assertion of legal conclusions. *Lillard v. Shelby County Bd. Of Educ.,* 76 F.3d 716, 726 (6th Cir. 1996) (standard of review for dismissing a complaint pursuant to FED. R. CIV. P. 12(b)(6)-failure to state a claim upon which relief may be granted); *LRL Properties,* 55 F.3d at 1103-04; *Allard v. Weitzman (In re DeLorean Motor Co.),* 991 F.2d 1236, 1240 (6th Cir. 1993); *Hartfield v. East Grand Rapids Public Schools,* 960 F. Supp. 1259, 1268 (W.D. Mich. 1997). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard,* 76 F.3d at 726; *Gazette v. City of Pontiac,* 41 F.3d 1061, 1064 (6th Cir. 1994). "In practice, 'a . . . complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory.'" *Lillard,* 76 F.3d at 726 (citations omitted).

The Court screens the complaint pursuant to 28 U.S.C. §§ 1915A & 1915(e). Furthermore, 28 U.S.C. §§ 1915A & 1915(e)(2) provides that the Court must dismiss a case at any time if the Court determines it is frivolous, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.

> When screening a prisoner complaint, a district court must examine both § 1915(e)(2) and § 1915A. If the civil action seeks redress from a governmental entity, officer, or employee, the district court must dismiss the complaint, or any portion of the complaint, which (a) is frivolous, malicious, or fails to state a claim upon which relief may be granted, or (b) seeks monetary relief from a defendant who is immune from monetary relief. 28 U.S.C. § 1915A. Should the complaint contain any allegations that do not fall within § 1915A, the district court must then examine the complaint under § 1915(e)(2). The requirements of §1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is restricted neither to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation, while § 1915(e)(2) is applicable throughout the entire litigation process. A case that may not initially appear to meet § 1915(e)(2) may be dismissed at a future date should it become apparent that the case satisfies this section. Thus, in prisoner cases, the district court must first examine a complaint under § 1915A and then review the complaint under § 1915(e)(2) before the case can proceed in due course. A district court is required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel as the statute does not differentiate between various civil actions brought by prisoners. The dismissal of a complaint under §1915(e)(2) or § 1915A does not negate a prisoner's obligation to pay the filing fee in accordance with § 1915(b)(1)- (2). See *In re Tyler*, 110 F.3d at 529-30. We make it explicit: a court's responsibility under the Prison Litigation Act is to first examine the financial status of a prisoner and make the assessment of fees. After the fees have been assessed, the merits of a complaint or appeal may be reviewed. Our mandate, however, does not prevent a district court from making the fee assessment and conducting the screening process in the same opinion or order.

*McGore v. Wrigglesworth,* 114 F.3d 601, 608 (6th Cir. 1997).

III. <u>**FACTS**</u>

Construing Plaintiff's complaint in the light most favorable to him and taking into consideration his lack of legal training, the Court has determined he alleges the following facts.

Plaintiff claims he was denied a fast and speedy trial when, on February 2, 2005, Judge Blackwood stated he "would make [him] serve seven, eight, or nine more months before going to trial." Plaintiff contends Judge Blackwood is prejudice against Hispanics. Plaintiff seeks $75,000.00 as compensation, in addition to a letter of apology to the Hispanic community for the Judge's "rude and malicious remarks." Plaintiff also seeks the disbarment of Judge Blackwood "from practicing law in Hamilton County and investigated [sic] for racketeering" (Court File No. 5). Plaintiff's complaint consists of conclusions without a summary of supporting facts. Assuming the judge made the statement, the making of that statement did not deprive Provencio of a constitutional right. However, for the sake of discussion, the Court will treat the allegations as if they are sufficient to allege a constitutional violation.

IV. <u>**42 U.S.C. § 1983 CLAIM**</u>

To state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States by a person acting under color of law, without due process of law. *Flagg Brothers Inc. v. Brooks,* 436 U.S. 149, 155 (1978); *Chatman v. Slagle,* 107 F.3d 380, 384 (6th Cir. 1997); *Brock v. McWherter,* 94 F.3d 242, 244 (6th Cir. 1996); *O'Brien v. City of Grand Rapids,* 23 F.3d 990, 995 (6th Cir. 1994); *Rhodes v. McDannel*, 945 F.2d 117, 119 (6th Cir. 1991), *cert. denied,* 502 U.S. 1032 (1992). Although the FEDERAL RULES OF CIVIL PROCEDURE do not require a plaintiff to set out in detail the facts underlying the claim, the plaintiff must provide sufficient allegations to give defendants fair notice

of the claims against them. *Leatherman v. Tarrant County Narcotic Intelligence & Coordination Unit,* 507 U.S. 163, 168 (1993). To state a § 1983 claim, Provencio must allege sufficient facts that, if true, would establish the defendant deprived him of a right secured by the Constitution of the United States while he acted under color of law. *See Brock,* 94 F.3d at 244. Provencio has filed this action pursuant to 42 U.S.C. § 1983 and is alleging he was deprived of his constitutional right to a speedy trial. Giving Provencio's complaint its most liberal construction, he is seeking damages for the denial of his Sixth Amendment right to a speedy trial.

The United States Supreme Court case of *Preiser v. Rodriguez*, 411 U.S. 475 (1973) teaches that "a § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." *Id.* at 499. When the legality of a confinement is challenged so that the remedy would be a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983 and the plaintiff must comply with the exhaustion of state court remedies. *Id.* A determination that Provencio's Sixth Amendment right to a speedy trial was violated would necessarily implicate the invalidity of his conviction, assuming he has been convicted, and Provencio has not demonstrated that his conviction has been overturned or otherwise declared invalid. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Therefore, an allegation that a defendant was denied his constitutional right to a speedy trial ultimately presents a legal question that is reviewable by federal courts in a habeas action, *see Cain v. Smith*, 686 F.2d 374, 380 (6th Cir. 1982), but only after exhaustion of state remedies. Consequently, an alleged violation of Provencio's speedy trial rights necessarily involves a challenge to the fact or length of his custody, not the conditions of his confinement. Thus, his claim is not cognizable in a § 1983 action.

Accordingly, he is not entitled to any relief under 42 U.S.C. § 1983. Consequently, Provencio's complaint will be **DISMISSED** as frivolous and for failure to state a claim given that Provencio's claim is not cognizable in a § 1983 action.

Moreover, even if Provencio's speedy trial claim were cognizable in a § 1983 action, his claim would fail on other grounds. The plaintiff has named Judge Blackwood as the defendant and Judge Blackwood is entitled to absolute judicial immunity. Judges generally have absolute judicial immunity from civil suits, including 42 U.S.C. § 1983, for monetary damages, arising out of the performance of their judicial duties. *Ireland v. Tunis,* 113 F.3d 1435, 1440 (6th Cir. 1997) (*citing Mireles v. Waco,* 502 U.S. 9, 11 (1991); and *Barnes v. Winchell* 105 F.3d 1111, 1115 (6th Cir. 1997)). If a judge pursued the challenged conduct in the course of his judicial duties, then he will clearly be entitled to judicial immunity. *Palazzolo v. Benson,* 82 F.3d 418 (6th Cir. April 3, 1996), (unpublished table decision), *available in* 1996 WL 156699. A judge will not be deprived of immunity because the action he took may have been in error, was done maliciously, or was in excess of the judge's authority. *Mireles v. Waco,* 502 U.S. at 11; *Pierson v. Ray,* 386 U.S. 547, 554 (1967). Rather, a judge will be subject to financial liability involving the performance of a judicial act only when the judge has acted in the clear absence of all jurisdiction. *Stump v. Sparkman,* 435 U.S. 349, 356-57 (1978); *cf. Forrester v. White,* 484 U.S. 219 (1988); *Pulliam v. Allen,* 466 U.S. 522 (1984). A judge acts in the clear absence of all jurisdiction only if the matter upon which he acts is clearly outside the subject matter jurisdiction of the court over which the judge presides. *King v. Love,* 766 F.2d 962, 965 (6th Cir.), *cert. denied,* 474 U.S. 971 (1985); *see also White By Swafford v. Gerbitz,* 892 F.2d 457, 462 (6th Cir. 1989).

Presiding over criminal proceedings and motion hearings are within the scope of Judge Blackwood's jurisdiction. There is no allegation, nor does the Court find anything in the record to show that Judge Blackwood acted in the clear absence of jurisdiction. The alleged denial of Plaintiff's right to a speedy trial is precisely the type of circumstance for which absolute judicial immunity applies. Therefore, assuming the speedy trial claim could be raised in this § 1983 action, Plaintiff failed to state a claim upon which relief may be granted because Judge Blackwood is absolutely immune from this civil suit for monetary damages under these circumstances. Since Judge Blackwood made a determination regarding the setting of a date for trial, any alleged claim arising from the exercise of that judicial function is barred by absolute immunity.

Accordingly, a judgment will enter **DISMISSING** the complaint as frivolous and for failure to state a claim. 28 U.S.C. §§ 1915A & 1915(e)(2)(B)(i-iii).

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**